IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PORTIA E. WEST,** § | | |
| **PLAINTIFF** § | | |
| **V.** § | CIVIL ACTION NO. _____ | |
| § | | |
| **ALDINE INDEPENDENT SCHOOL** § | | |
| **DISTRICT,** § | | |
| **DEFENDANT** § | | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff PORTIA E. WEST ("Ms. West") to hereby file her "Plaintiff's Original Complaint" ("Complaint") and in support Ms. West would show this Honorable Court the following.

### PREAMBLE

*EXPERIENCED AND WONDERFUL TEACHER
DENIED PROMOTION BECAUSE OF HER RACE, AGE, AND GENDER*

*Plaintiff is a teacher with Defendant ALDINE INDEPENDENT SCHOOL DISTRICT. Notwithstanding Plaintiff's stellar reputation and years of experience with Defendant, Defendant deliberately denied Ms. West the right to a promotion because of Ms. West's race, age, and gender, as well as then retaliating against Plaintiff. Left with no recourse, Plaintiff seeks redress of this Court for damages.*

### A. NATURE OF SUIT

1. Plaintiff Ms. West has been the victim of systematic and ongoing discrimination in Ms. West's workplace based on Ms. West's race, age, and gender, as well retaliation for, and in an effort to suppress, Ms. West's exercise of Ms. West's

rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. Plaintiff Ms. West attempted many times to have Defendant Aldine-ISD (hereafter defined) stop the discrimination, but Defendant failed and refused to do so. After exhausting her administrative remedies and having seen that any further attempt to seek administrative redress would be pointless because of Defendant ALDINE-ISD's clear bias against Plaintiff Ms. West, Ms. West exercised her right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress.

2. Plaintiff Jane now files this original action for damages pursuant to:

(a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

(b) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343;

(c) 42 U.S.C. §§6101 *et seq.*, being the Age Discrimination in Employment Act of 1967, as amended; and

(d) 42 U.S.C. § 1983 with regards to:

(i) Defendant's violations of the laws of the United States;

(ii) Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii) Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

### B. PARTIES

3. Plaintiff Ms. West is a female individual who resides in the State of Texas. Ms. West has dedicated her life to the education of students. Ms. West is African-American and is over the age of forty (40).

4. Defendant ALDINE INDEPENDENT SCHOOL DISTRICT ("ALDINE-ISD") is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education. Defendant ALDINE-ISD may be served with process herein by personal delivery to Defendant's ALDINE-ISD's Superintendent of Schools as follows:

**ALDINE INDEPENDENT SCHOOL DISTRICT**
**ATTN: LA TOYA M. GOFFNEY-Superintendent**
**2520 W.W. Thorne Blvd.**
**Houston, Texas 77002**

## C. JURISDICTION and VENUE

5. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

   (a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI");

   (b) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII");

   (c) 42 U.S.C. §§6101 *et seq.*, being the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); and

   (d) 42 U.S.C. § 1983 ("Section 1983") with regards to:

   (j) Defendant's violations of the laws of the United States;

   (ii) Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

   (iii) Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution

6. Venue is proper in the Southern District of Texas (Houston Division) because Defendant ALDINE-ISD operates its schools in, and from, Houston and

Harris County, Texas, which is also where the underlying events occurred. Houston and Harris County are within the Southern District of Texas.

### D. FACTUAL BACKGROUND

7. Plaintiff Ms. West is an African-American female. Ms. West is over the age of forty (40).

8. Plaintiff Ms. West has been an education employee in the State of Texas for many years. For many of those years, Ms. West has been an employee of Defendant ALDINE-ISD.

9. Plaintiff Ms. West performs the above described work for Defendant ALDINE-ISD under a written agreement with it (the "Contract").

10. Defendant ALDINE-ISD receives grants and other funds from the United States government.

11. Because of Plaintiff's Ms. West's race, age, gender, and the exercise of Ms. West's rights to seek formal complaints and redress, Defendant ALDINE-ISD personnel repeatedly and systematically mistreat Ms. West at work and have denied Ms. West promotions rightfully due to Ms. West.

12. Plaintiff Ms. West made Defendant ALDINE-ISD fully aware of such mistreatment occurring at the hands of coworkers or superiors, as well as improper and illegal actions being taken by ALDINE-ISD. However, ALDINE-ISD personnel took no steps to stop the misconduct or to prevent similar acts of misconduct in the

future. Indeed, ALDINE-ISD's reaction was to retaliate against Ms. West for having brought the discrimination to people's attention.

13. On July 22, 2019, Plaintiff Ms. West filed a complaint ("Charge") with the United States Department of Justice, Civil Rights Division, Equal Employment Opportunity Commission ("EEOC"). In the Charge, Plaintiff Ms. West alleged discrimination in the areas of race, gender, age, and also retaliation.

14. On or after September 7, 2020. Plaintiff Ms. West received a letter from the EEOC which granted Ms. West the right to pursue her request for relief with this Court.

15. Defendant ALDINE-ISD's discrimination of and retaliation against Plaintiff Ms. West has caused Ms. West to suffer economic harm, including without limitation lost pay and medical expenses.

16. Defendant ALDINE-ISD committed the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Plaintiff Ms. West.

17. Texas law deems Ms. West's Contract to create a property interest that Ms. West holds.

18. Defendant ALDINE-ISD targeted its behavior against Plaintiff Ms. West and implemented it under color of law. The ALDINE-ISD personnel who committed the misconduct complained of did so as agents and representatives of

ALDINE-ISD and were implementing ALDINE-ISD's policies, practices, and procedures when they acted against Ms. West.

19. If ALDINE-ISD's policies, practices, and procedures were not in written form, ALDINE-ISD and its agents implemented them in accord with the customs and practices of ALDINE-ISD's policy makers.

20. The ALDINE-ISD personnel who acted against Ms. West did so while performing their assigned ALDINE-ISD duties, as prescribed by ALDINE-ISD's superintendent and/or its board of trustees.

21. Further, ALDINE-ISD's Board of Trustees ("Board") itself was aware of the ongoing discrimination and mistreatment of Ms. West, yet the Board specifically affirmed the discrimination and retaliation, acting as the ultimate policy maker of Defendant ALDINE-ISD.

22. Defendant ALDINE-ISD's discrimination and retaliation towards Plaintiff Ms. West represent actions of complete and deliberate indifference to Ms. West, and, made it necessary for Ms. West to retain legal counsel and to file this lawsuit to seek redress for the wrongs done to Ms. West by Defendant ALDINE-ISD.

23. Plaintiff Ms. West has met all conditions precedent to bring these claims before this Honorable Court.

## E. CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VI

24. Defendant ALDINE-ISD is an entity receiving grants and funds from the United States government. Therefore, the provisions of Title VI also govern ALDINE-ISD.

25. Defendant ALDINE-ISD violated Title VI by discriminating against Plaintiff Ms. West because Ms. West is African-American.

26. Plaintiff Ms. West has suffered actual and compensatory damages as a direct and proximate result of Defendant ALDINE-ISD's violations of Title VI, for which Ms. West now sues.

### COUNT TWO: VIOLATION OF TITLE VII

27. Defendant ALDINE-ISD discriminated against Plaintiff Ms. West because Ms. West is African-American, a female, and had the audacity to speak up.

28. Defendant ALDINE-ISD's foregoing acts violated Title VII and created a hostile workplace environment.

29. Defendant ALDINE-ISD also committed certain of its misconduct toward Ms. West in retaliation for Ms. West filing grievances and complaints against ALDINE-ISD, both internally and with authorities of the United States government.

30.     Plaintiff Ms. West has suffered actual and consequential damages as a direct and proximate result of Defendant ALDINE-ISD's violations of Title VII, for which Ms. West now sues.

### COUNT THREE: VIOLATION OF THE ADEA

31.     Defendant ALDINE-ISD's discrimination against Plaintiff Ms. West, was committed, in part, because Ms. West is over the age of forty (40).

32.     Defendant ALDINE-ISD'S discrimination of Plaintiff Ms. West based upon Ms. West's age is a violation of the ADEA.

33.     Plaintiff Ms. West has suffered actual and consequential damages as a direct and proximate result of Defendant ALDINE-ISD's violations of the ADEA, for which Ms. West now sues.

### FOUR: VIOLATION OF SECTION 1983

34.     42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

35.     Defendant ALDINE-ISD's acts and omissions in violation of Title VI and Title VII also violate Section 1983 because ALDINE-ISD committed those acts and omissions under color of law, through designated persons of authority

implementing their ALDINE-ISD-assigned duties and responsibilities, including the Board.

36. The First Amendment to the United States Constitution grants Plaintiff Ms. West the right to express issues with ALDINE-ISD both orally and in writing. Further, Ms. West has the right to assemble peaceably and to petition Defendant ALDINE-ISD for redress, which Ms. West did, but was then the victim of retaliation.

37. The Fourteenth Amendment to the United States Constitution grants Plaintiff Ms. West the right to procedural and substantive due process and to equal protection under the law.

38. Plaintiff Ms. West suffered actual and consequential damages as a direct and proximate result of Defendant ALDINE-ISD's violations of Section 1983, for which Ms. West now sues.

### F. OTHER REQUESTED RELIEF.

39. In seeking redress with the Court for the foregoing claims, Plaintiff Ms. West is also entitled to:

    (a). Punitive damages, where allowed by law;

    (b) Reimbursement of the attorneys' fees incurred to pursue this matter; and

    (a) where permitted, pre and post judgment interest, at the highest rates permitted by law.

40. Plaintiff Ms. West is further entitled to recover from Defendant ALDINE-ISD Plaintiff Ms. West's costs of court.

41. Finally, Plaintiff Ms. West hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ms. West respectfully prays that upon final trial of this matter Ms. West recover a judgment against Defendant ALDINE-ISD for:

- Plaintiff's actual and consequential damages;

- Exemplary damages in the manner requested above;

- Plaintiff's reasonable and necessary attorney's fees;

- Prejudgment and post judgment interest, as applicable;

- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

*[signature]*

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214-802-3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
PORTIA E. WEST**
